# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ex rel. RICHARD CHESBROUGH, M.D., ) <br> and KIM CHESBROUGH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> UNIVERSAL IMAGING, INC., ) <br> MRI LEASING, LLC, d/b/a PREMIER ) <br> LEASING AND MANAGEMENT ) <br> SERVICES, LLC, PHILLIP J. YOUNG, ) <br> MARK LAUHOFF, and GWENDOLYN ) <br> WASHINGTON, Jointly and Severally, ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> TCF BANK, ) <br> TCF INVESTMENTS, ) <br> JP MORGAN CHASE, ) <br> FIFTH THIRD BANK, ) <br> CHASE BANK, ) <br> COMERICA BANK, ) <br> GREGORY SCHWARTZ & CO. INC. ) <br> ) <br> Garnishees. ) <br> _____) | CIV. No. 5:06-cv-15638-JCO-VMM <br> HON. JOHN CORBETT O'MEARA <br> MAG. JUDGE VIRGINIA M. MORGAN <br><br> FILED <br> DEC 28 2011 <br> CLERK'S OFFICE <br> DETROIT |

## <u>ORDER</u>

The United States of America having applied for prejudgment remedies in the above matter and the Court having found that the United States has set forth with particularity all statutory requirements for the issuance of the prejudgment remedies sought, pursuant to 28

U.S.C. § 3101(a)(3)(B), and in particular, the probable validity of the claim for the debt as required by 28 U.S.C. § 3101(c)(1), and that the debtors are about to dispose of property with the effect of hindering, delaying, or defrauding the United States, *see* 28 U.S.C. § 3101(b)(1)(B), and have and are continuing to seek to convert property into money, securities or evidence of debt in a manner prejudicial to the United States with the effect of hindering, delaying, or defrauding the United States, *see* 28 U.S.C. § 3101(b)(1)(C), the Court hereby orders as follows:

1. The Clerk of Court shall restore this case to the active calendar.

2. The United States' Application for Order allowing the filing *in camera* under the Federal Debt Collection Procedures Act and for a one-day delay in the filing on the Court's docket system of the pleadings and orders in this case to allow the United States to put the prejudgment remedy into effect as contemplated by statute, 28 U.S.C. § 3004, is hereby GRANTED. The clerk of court is hereby DIRECTED to delay for one day the filing of any orders in this case.

3. The Court further ORDERS that the sale of assets by debtors Universal Imaging, Inc. and MRI Leasing LLC currently contemplated to close on January 5, 2012, shall allow for the transfer of proceeds of the sale to TCF Bank pursuant to the security interest held by that bank, but any and all proceeds beyond that security interest shall be paid to the Clerk of Court under an order to be prepared by the United States and approved in advance by the Clerk of Court pursuant to Local Rule 67.1. The Clerk of Court shall hold those funds in the court registry pending the outcome of this litigation.

4. The Court further ORDERS that any other sale, lease or other disposition of any asset valued at $1,000 or more by Universal Imaging, Inc., MRI Leasing, LLC, Phillip Young or Mark Lauhoff shall not be put into effect without at least ten days' notice to the United States and without a sworn appraisal of the fair market value of that asset provided by the debtor who wishes to sell, lease, or otherwise dispose of that asset. Should the United States approve of the sale, lease or other disposition, the proceeds of any such sale, lease or other disposition shall be paid to the Clerk of Court under the order prepared by the United States referred to in paragraph 3 pursuant to Local Rule 67.1. The Clerk of Court shall hold those funds in the court registry pending the outcome of this litigation. The United States may seek the intervention of this Court should it disagree with any noticed sale, lease or other disposition in which case such sale, lease or other disposition shall not take place until the Court has an opportunity to consider the request of the United States.

5. The Federal Debt Collection Procedures Act provides that in a prejudgment remedies proceeding the United States "may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure" where there "is a reasonable likelihood that the debt involved exceeds $50,000." 28 U.S.C. § 3015. I hereby FIND that there is a reasonable likelihood that the debt exceeds $50,000 and that the United States may proceed to take discovery into the debtors' financial condition, including scheduling debtors' examinations.

6. To the extent that any debtor wishes to move to quash the remedies provided in this Order or in the accompanying Order of Continuing Garnishment, that debtor shall file a motion to quash and brief in support of that motion by January 5, 2012, and the government shall

3

have five days thereafter to respond in writing. Any oral hearing shall be scheduled as soon thereafter as possible pursuant to 28 U.S.C. § 3101(d)(2). The issues that may be litigated through any such motion to quash and accompanying hearing are limited to those set forth in 28 U.S.C. § 3101(d)(2).

Dated this 28th day of December 2011.

BY THE COURT:

_____

4